UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOUTHERN BANK & TRUST COMPANY,

        Plaintiff,

v.                            CIVIL ACTION NO. 2:13cv216

LABURNUM HOTEL PARTNERS, LLC, et al.,

        Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this suit to enforce a Promissory Note and individual Commercial Guaranties, the Plaintiff and six individual Guarantors settled matters among themselves and jointly moved the Court for a voluntary dismissal. Two of the remaining defendants, also individual Guarantors, oppose the motion arguing prejudice from the released Defendants' early dismissal given their leadership role in the borrowing entities. Unrelated to this dispute among the Guarantors, the Plaintiff, Southern Bank & Trust Company ("Southern Bank") also moved for entry of default judgment against a single individual Guarantor who has failed to respond to the action. Both the Motion to Dismiss and Motion for Default Judgment were referred to the undersigned for a Report and Recommendation. No party requested oral argument, and the Court finds the briefs and attached exhibits adequate to resolve the matters referred. Fed. R. Civ.

P. 78(b); Local Civil Rule 7(J). As set forth in greater detail below, this Report concludes that the Plaintiff is entitled to dismiss its claims against the settling Defendants, and to judgment against the defaulting Guarantor, as there is "no just reason [to] delay" entry of judgment under Rule 54(b). Accordingly, this Report recommends the Court grant the Bank's motion to dismiss the claims against the Settling Defendants, and grant its motion to enter judgment against the single defaulting Guarantor.

## I.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Southern Bank, sued to enforce a written Promissory Note between Laburnum Hotel Partners, LLC ("Laburnum")and a predecessor lender, Bank of the Commonwealth. The original 2008 loan principal was $18,300,000.00 and the loan was renewed in the same amount in 2010. (ECF No. 1 at ¶¶ 7,8). The Note was guaranteed by 27 individual Guarantors, each of whom signed Commercial Guaranties, for various pro-rated portions of the total indebtedness ranging from a low of $228,000.00 to a high of $2.87 million. Southern Bank acquired the Note and the related Guaranties from the FDIC, which was appointed receiver after Bank of the Commonwealth's failure. Southern Bank alleges that the original borrower, Laburnum, and all of the individual Guarantors have failed to make payments due under the loan documents. It filed suit to recover the

total amount it claims due of $19,445,771.82, including costs of collection, late fees and interest through April 22, 2013.

Of the 27 individual Guarantors, 26 responded to the Complaint and are represented by counsel. Laburnum also answered the Complaint and is separately represented. With regard to the single non-answering Defendant, Vipul Pawani ("Pawani"), the Complaint alleges that Pawani signed an individual Commercial Guaranty in the principal amount of $915,000.00 securing a portion of Laburnum's indebtedness on the Promissory Note. (Compl., ECF No. 1 at ¶¶ 144, 149). A copy of the Commercial Guaranty was attached to the Complaint as Exhibit 36. (ECF No. 1-4 at 1-7). Southern Bank alleged that it was the holder of Pawani's Guaranty, that it had demanded payment under the terms of the Guaranty and had received no response. Accordingly, Southern Bank claims Pawani's total debt on his individual Guaranty is $915,000.00 plus interest in the amount of $71,752.34 through April 22, 2013, reasonable attorney's fees and costs of collection. (ECF No. 1, ¶ 149).

Pawani was served with a copy of the Summons and Complaint on May 7, 2013. (ECF No. 26 at 3). Pawani made no response and on February 13, 2014, Southern Bank mailed a copy of the Summons and Complaint to him along with a warning that the Court could enter default. (ECF No. 39). On February 27, 2014, Southern

Bank requested, and the Court entered, Pawani's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Thereafter, Southern Bank filed a motion and brief, along with a supporting affidavit prepared by James C. Hill, Vice President and Special Assets Manager of Southern Bank. The Hill Affidavit states that Pawani owes the principal sum of $915,000.00, proportionate attorney's fees and costs of collection in the amount of $2,275.00 for a total of $917,275.00. Hill's affidavit does not assert any claim for pre-judgment interest but does seek post-judgment interest at the statutory rate on the amount claimed due. Hill also attests that Pawani is not an infant, incompetent person, nor in active service in the United States military. (ECF No. 44-1 at 1-3).

Sometime prior to March 2014, Southern Bank also reached a settlement agreement resolving all claims it had against six individual Guarantors, Malay Thakkar, H. K. Thakkar, Kush Thakkar, Delip Desai, Neel Desai and Tejal Desai (the "Settling Defendants"). On March 6, 2014, Southern Bank and the Settling Defendants jointly moved the Court to enter an Order dismissing the Bank's claims against all six Settling Defendants. The motion was accompanied by a partially endorsed Order and represented that Laburnum and nine of the non-settling Guarantors had consented to the dismissal. In response to the motion two individual Guarantors, Ashok Arora and Jitendra

4

Swarup, filed a brief in opposition.  Arora and Swarup contend that the Settling Defendants are "Managing Members of Laburnum" who owe fiduciary and other duties to the individual Guarantors, who the motion describes as "the rank and file members of Laburnum."  According to the opposition, dismissing the Settling Defendants would prejudice Arora and Swarup because the Managing Members have not yet provided detailed accountings of the funds which were to be used by Laburnum to discharge the original indebtedness, including sums paid by the buyer at the foreclosure sale of the hotel property securing the debt.  Arora and Swarup also contend they lack an accounting of sums paid by other individual members, how those sums were credited and the amounts which remain due by the individual Guarantors on their proportional obligations for Laburnum's debt.

Both Southern Bank and the Settling Defendants separately responded to the Arora/Swarup opposition arguing that it demonstrates no prejudice which would preclude the grant of Southern Bank's motion for a voluntary dismissal, and that ordinary discovery or separate action against the Settling Defendants would be the appropriate remedy for any prejudice which could be shown.[1]  The pending matters were referred to the

---

[1] This opposition prompted Swarup alone to file a Motion for Leave to assert third party claims, cross-claims (ECF No. 50) and a Motion to Join Parties (ECF No. 51).  Those non-dispositive motions were separately referred by standing Order, and denied by the Court today in a separate Order as the matters asserted are unrelated to the Bank's action or the Note.

undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). As set forth in greater detail below, the undersigned recommends that the Court grant Southern Bank's Motion for entry of default judgment against Pawani, and its request to collectively dismiss its claims against the Settling Defendants.

**A. Southern Bank has established its damages against Pawani, and there is no just reason to delay entry of final judgment under Rule 54(b).**

When a defendant defaults, he admits the factual allegations against him. Fed. R. Civ. P. 8(d); <u>Ryan v. Homecomings Fin. Network</u>, 253 F.3d 778, 780 (4th Cir. 2001), and under Rule 55(a) the Court may enter judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). But when "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

In this case, Pawani is in default, and the first appropriate inquiry for the Court is whether the facts as alleged state a claim. Fed. R. Civ. P. 8(b)(6); <u>Globalsantafe Corp. v. Globalsantafe.Com</u>, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003) (citing <u>Anderson v. Found. for Advancement, Educ. & Emp't</u>

of Am. Indians, No. CA-94-57-A, 1999 WL 598860 at *1 (4th Cir. Aug. 10, 1999)). They do.

To succeed on a claim for breach of contract under Virginia law, Plaintiff must prove (1) a legal obligation of each Defendant to the Plaintiff; (2) a violation or breach of that obligation; and (3) resulting damage to the Plaintiff. Caudill v. Wise Rambler, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969). Under Va. Code § 8.01-27, a civil action may be maintained "upon any note or writing by which there is a promise, undertaking, or obligation to pay money," so long as the note is signed by the party to be charged or its agent. Va. Code § 8.01-27. The statute of limitations to enforce obligations on a Note is six years from the date payments are due. Va. Code § 8.3(A)-118. Finally, under § 8.3(A)-308, signatures on negotiable instruments are presumed valid, unless denied in the pleadings.

Hill's affidavit establishes that Pawani executed a Commercial Guaranty, agreeing to repay a proportionate share of Laburnum's indebtedness. The admitted facts likewise establish that he still owes the principal sum of $915,000.00 and a proportionate share of attorney's fees alleged to be $2,275.00.[2]

---

[2] The Bank offered only the testimony of Hill on the reasonableness of its modest $2,275.00 fee request, but in light of the size of the debt, the complexity of the existing pleadings, including the briefing on default judgment, the undersigned finds the requested fees to be reasonable. Minnesota Lawyers Mut. Ins. Co. v. Batzli, 442 F. Appx. 40, 54 n.21 (4th Cir. 2011) (noting expert testimony not always required to establish reasonableness if lay testimony will suffice).

The Bank has not, however, made any effort to show that there is "no just reason for delay" in this multi-party case. Nonetheless, after reviewing the Commercial Guaranty, the allegations in the Complaint, responses of co-defendants, and Fourth Circuit precedent, the undersigned finds no just reason to delay entry of judgment against Pawani on the Bank's contractual claims against him.

Courts in the Fourth Circuit, including this one, have closely scrutinized requests for entry of default judgment in cases of claims against multiple defendants arising out of the same transaction. Jefferson v. Briner, Inc., 461 F. Supp. 2d 430 (E.D. Va. 2006); Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 FRD. 580, 582 (E.D. Va. 2000); RBC Bank v. Epps, No. 4:11cv124, 2012 WL 3308227 (D.S.C. Aug. 13, 2012). This preference derives from the Rule announced by the 1872 Supreme Court case of Frow v. De La Vega, 82 U.S. 552, 554 (1872). Frow involved a case of joint liability against multiple defendants in which Mr. Frow had failed to respond. The trial court immediately entered final judgment against Frow as a result of his default, and the case was later tried against the answering defendants, who prevailed. In reversing the default judgment against Frow, the Supreme Court observed the incongruity in Mr. Frow challenging a judgment which was directly contrary to the contested judgment in favor of his co-

defendants.  The Court noted the proper procedure "where a bill makes a joint charge against several defendants and one of them makes default, is simply to enter default against him and proceed with the cause upon the answers of the other defendants."

Unlike this case, <u>Frow</u> involved allegations of purely joint liability where multiple defendants were alleged to be responsible for the same wrongdoing.  Some Circuits strictly limit its holding to such claims. <u>McMillian, Inc. v. Monticello Ins. Co.</u>, 116 F.3d 319 (8th Cir. 1997) (refusing to extend <u>Frow</u> to closely related defendants who are not jointly liable); <u>In re: Uranium Antitrust Litig.</u>, 617 F.2d 1248, 1256-58 (7th Cir. 1980) (declining to apply <u>Frow</u> where defendants are jointly and severally liable); <u>International Controls Corp. v. VESCO</u>, 535 F.2d 742, 746-47 n.4 (2nd Cir. 1976) (limiting <u>Frow</u> to "situations where the liability of one defendants necessarily depends on the liability of the others").  The Fourth Circuit, however, has taken a broader view.  In <u>Hudson v. Peerless Ins. Co.</u>, the Fourth Circuit recognized <u>Frow</u> was a case of joint liability, but after analyzing the language of Rule 54(b), found the Rule "strikingly similar and applicable not only to situations of joint liability, but to those where the liability is joint and/or several."  374 F.2d 942, 944 (4th Cir. 1967).

The facts here are analogous to those in other decisions which addressed the Fourth Circuit's broad interpretation of Frow. See, RBC Bank, 2012 WL 3308227 at *4; Peoples United Equip. Fin. Corp. v. Wright, No. 1:11cv249, 2011 WL 2619085 (E.D. Va. 2011). In this case, however, the Bank is not asserting any kind of joint liability against Pawani. Instead, it has filed multiple individual claims against all 27 individual Guarantors. Each claim is supported by a separate Commercial Guaranty, signed by an individual Guarantor who agreed to be responsible for a proportionate share of Laburnum's indebtedness. (Comp. Ex. 36, ECF No. 1-4 at 1-7). Each Guaranty authorized the Bank to "release, substitute, agree not to sue, or deal with any one or more of [Laburnum's] . . . Guarantors on any terms or in any manner Lender may choose." (ECF No. 1-4 at 1). As a result, there is no risk of inconsistent judgments in allowing the Bank to proceed to final judgment against Pawani.

By his default, Pawani has admitted the facts necessary to enforce his individual contractual promise. So long as Laburnum's indebtedness exceeds the proportionate sum guaranteed by Pawani - a fact established by Hill's Affidavit - the Bank is entitled to reduce its claims against him to judgment. Should some other Guarantor defeat the Bank's individual claims against him, there is no incongruity in allowing those two judgments on

the separate contractual promises.  Accordingly, there appears
to be no just reason to delay entry of judgment against Pawani
and this Report recommends the Court grant the Bank's Motion for
Entry of Default Judgment on its individual claim against him.

**B.**   **Southern Bank and the Settling Defendants are entitled to**
**voluntary dismissal under Rule 41(a)(2).**

Unlike its claims against Pawani, Southern Bank does not
seek entry of judgment against the Settling Defendants.  As a
result, their dismissal from this action poses no risk of
inconsistent judgment, and the rule in Frow has no application.
Cf. RBC Bank v. Epps, 4:11cv124, 2012 WL 3308227 (D.S.C. August
13, 2012) (addressing Frow with regard to defaulting defendants
after settling guarantors had been dismissed).  Instead, Rule
41(a)(2) provides that the Court may grant a voluntary dismissal
on such terms as it considers proper.  Fed. R. Civ. P. 41(a)(2).
A voluntary dismissal may include fewer than all defendants as
long as all claims are dismissed against each affected
defendant. Moores Federal Practice, Dismissal of Actions, Sec.
41.21[3][a] (citing Jones v. Powell, 765 F. Supp. 314, 315 (E.D.
Va. 1991) among other cases). The purpose of the Rule "is to
freely allow voluntary dismissals unless the parties will be
prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.
1987).

Here, neither Swarup nor Arora, have demonstrated any prejudice which would result from the voluntary dismissal of the Settling Defendants. Although a dismissal with prejudice under Rule 41 alters the legal relationship of the affected parties, it does not result in a determination of the merits "of the sort entitled to claim-preclusive effect" against non-parties. Samsung Elecs., Inc. v. Rambus, Inc., 440 F.Supp. 2d 495, 508 (E.D. Va. 2006) (citing Semtek Intern, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001). Thus, if Swarup and Arora believe they have claims against the Settling Defendants, they may pursue them unencumbered by this Court's action. In addition, the information they claim is necessary to defend Southern Bank's claims, including the accounting of payments on Laburnum's indebtedness whether by the sale of property securing the debt or by the Guarantors, is available from Southern Bank or from Laburnum, both still parties to the action. Finally, though dismissed as parties, the Settling Defendants remain subject to discovery by subpoena or deposition. Fed. R. Civ. P. 26(b)(1); 30 (a)(1), 31(a)(1) and 34(c). As a result, neither Swarup nor Arora have demonstrated any prejudice from the requested dismissal.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends the Court GRANT Southern Bank's Motion for default judgment against Pawani and enter judgment in the amount of $917,275.00 with interest at the judgment rate. The undersigned also recommends the Court DISMISS Southern Bank's claims against the Settling Defendants with prejudice.

### REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this Report on the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.   A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth

13

above will result in waiver of right to appeal from a judgment
of this Court based on such findings and recommendations.
Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433
(4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th
Cir. 1984).

_____ /s/_____
Douglas E. Miller
United States Magistrate Judge
_____
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 6, 2014

14

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Vipul Pawani
13974 Greendale Drive
Woodbridge, VA 22191

Fernando Galindo, Clerk

By _____

Deputy Clerk

JUNE 6, _____, 2014

15