UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SOUTHERN BANK & TRUST COMPANY,**

    Plaintiff,

v.                                             CIVIL ACTION NO. 2:13cv216

**LABURNUM HOTEL PARTNERS, LLC, et al.,**

    Defendants.

## MEMORANDUM ORDER

In this suit to enforce a Promissory Note, Plaintiff Southern Bank & Trust Company ("Southern Bank" or "Bank") and six individual Guarantors settled matters among themselves and jointly moved the Court for a voluntary dismissal. Defendant Jitendra Swarup ("Swarup") opposed dismissal, arguing the settling Guarantors were principally responsible for the underlying default on the Note "from their negligent, reckless, and willful misbehavior related to the negotiation, drafting, and signing of the Note and the various guaranties from which Plaintiff's claims directly arise." (ECF No. 51-8 at 4). Swarup now seeks to amend his answer to assert cross-claims against the settling Guarantors and to join a managing entity, LTD Fund One, LLC ("LTD") as a cross-claim Defendant. Because Swarup himself has no direct ownership in the hotel company, he also seeks to add Keystone Ventures, LLC ("Keystone"), of which Swarup is sole owner and member, as a cross-claim

Plaintiff. For the reasons that follow, Swarup's requests are DENIED.

Under Rule 15 of the Federal Rules of Civil Procedure, a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Though such motions should be granted liberally, "a district court may deny leave if amending the complaint would be futile – that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007); Laber v. Harvey, 438 F.3d 404, 426, 429 (4th Cir. 2006)). In this case, however, Swarup is not only seeking to amend, but also to add parties and claims which are unrelated to the pending action. Because the new parties are unnecessary to the Bank's suit on its Promissory Note, and Swarup's cross-claims fail to properly state a claim under Rule 12(b)(6), allowing further amendment in this case would be futile.

Swarup's proposed cross-claims specifically assert claims for indemnity, breach of contract, willful misconduct, and breach of fiduciary duty against LTD and the settling Guarantors. Of the six total proposed cross-claims, counts I-IV all relate to the alleged contractual indemnity protection provided by LTD's Operating Agreement, and improperly list Swarup as a party. By its own terms, the Operating Agreement provides indemnity protection to "Members"

of LTD. (ECF No. 51-4 at 21, § 3.5.4). While non-party Keystone clearly is a Member, Swarup, just as clearly, is not. (see ECF No. 51-4 at 57, signature page). Accordingly, as Swarup is not a proper party to any suit for contractual indemnity, any attempt to assert such individual claims would be futile.

Even were Swarup a party to the contract, he has failed to allege any proper cross-claim. Under Rule 13(g), a pleading may state a cross-claim by one party against a co-party "if the claim arises out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g). In determining whether a cross-claim arises out of the same transaction or occurrence, the Fourth Circuit has provided the following framework to aid the courts in reaching a decision:

> (1) Are the issues of fact and law raised in the complaint and crossclaim largely the same? (2) Will substantially the same evidence support or refute the complaint as well as the crossclaim? (3) is there any logical relationship between the complaint and the crossclaim?

Barber v. Am. Family Home Ins. Co., No. 3:11CV2328JFA, 2012 WL 1319474, at *3 (D.S.C. Apr. 17, 2012) (citing Painter v. Harvey, 863 F.2d 329, 331 (4th Cir. 1988)).

Here, Swarup's proposed cross-claims do not stem from the same transaction or occurrence as Southern Bank's underlying action to enforce its Promissory Note. Instead, Swarup seeks to bring in new parties to the suit and to enforce new agreements not at issue in Southern Bank's case. As the Fourth Circuit's suggested analysis reveals, these proposed changes bear little relation to the

3

underlying action.

First, the original complaint interests itself solely with the collection of an outstanding debt on the Promissory Note. Factually, it is concerned with whether and to what extent payments were made, as well as the enforceability of the individual guaranties at issue. Legally, the issues are limited to the terms of the Note and individual agreements themselves, as well as any relevant legal defenses. In contrast, Swarup's proposed cross-claims do not raise the same issues of law and fact. Factually, they all relate to the internal workings of LTD, a non-party, and to alleged agreements regarding indemnification. Similarly, the cross-claims' underlying legal issues would require an analysis of LTD's indemnification agreement and the duties it purportedly creates.

Second, given this disconnect between the factual and legal issues raised in the complaint and those raised by Swarup's proposed cross-claims, the evidentiary support needed for each would not be substantially the same. Indeed, Swarup's proposed new claims consist predominantly of new causes of action by a non-party (Keystone) against a non-party (LTD). They involve issues not at all in dispute in the current action. Southern Bank's case is solely one of debt-collection. The evidence would be limited to the terms of the Note at issue and the surrounding circumstances related to its non-payment. Swarup's proposed cross-claims, however, relate to a completely different issue – indemnification

and alleged bad faith in the operation of the hotel which was pledged to secure the debt. They will require a completely different analysis of documents and relationships presently unnecessary to this litigation.

In light of the above, and to complete the Fourth Circuit's suggested analysis, there is little logical relationship between the complaint and Swarup's proposed cross-claims. Swarup's disagreement with his liability under the Note does not mean he can pursue the claims he has outlined against the settling Guarantors and LTD concurrent with Southern Bank's unrelated enforcement action. Significantly, LTD is not a party to that action, nor is it a "necessary" party under Rule 19 of the Federal Rules of Civil Procedure.[1] LTD was not a party to the loan documents at issue. It was not sued by the Bank, nor have any of the 26 other individual guarantors attempted to assert claims against it in this action.

Moreover, the document Swarup relies upon, LTD's Operating Agreement, has a choice of venue clause selecting the District of Columbia as the "sole forum for any action arising out of matters related to this Agreement . . . ." (ECF No. 51-4 at 43, § 10.12). Swarup has not provided any reason why the District of Columbia

---

[1] According to Rule 19, a necessary party is one that:
(A) in that person's absence, the court cannot accord complete relief among the existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii).

would be an improper venue for the claims he has attempted to raise. See Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 213 (4th Cir. 2007) ("[a] forum-selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances'" (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

In short, Swarup is attempting to convert the Bank's straight-forward collection action into a dispute about the hotel's failure and the management company's responsibility for the default. This is precisely the dispute the Bank avoided by requiring his personal guarantee.[2] Because his proposed cross-claims and third party claims do not arise out of the same transaction or occurrence as the underlying complaint, Swarup's Motions to Amend (ECF No. 50) and for Joinder (ECF No. 51) are DENIED.

---

[2] Swarup contends in his proposed cross-claims that he signed the guaranty at issue "in his capacity as principal of Keystone Ventures," thereby limiting his personal liability. (ECF No. 51-1 at 52). The documents themselves clearly show that the guaranty was signed by Swarup, in his own name, and with no reference to Keystone whatsoever. (ECF No. 1-4 at 41-51). Nonetheless, to the extent Swarup can prove that he guaranteed the debt on behalf of Keystone, that defense is preserved by the denial of liability and affirmative defenses in his original Answer.

The Clerk is DIRECTED to provide a copy of this Order to all counsel of record.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 6, 2014