UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOUTHERN BANK & TRUST COMPANY,

      Plaintiff,

     v.                            ACTION NO: 2:13cv216

LABURNUM HOTEL PARTNERS, LLC, et al.,

      Defendants.

## MEMORANDUM ORDER

    This matter is before the court on two Motions for Summary Judgment, filed by the Plaintiff, Southern Bank and Trust Company ("Southern"), on December 2, 2014. Southern moved for summary judgment against both the principal debtor Defendant, Laburnum Hotel Partners, LLC ("Laburnum"), see ECF Nos. 68, 69, and the individual guarantor Defendants (collectively, the "Guarantors," and together with Laburnum, the "Defendants"). See ECF Nos. 70, 71.

    The Guarantors filed their Response in Opposition ("Guarantors' Response in Opposition") on December 16, 2014. ECF No. 72. Also on December 16, 2014, Laburnum filed its Memorandum in Opposition ("Laburnum's Memorandum in Opposition"). See ECF No. 73. Southern filed its Reply to the Guarantors on December 19, 2014, ECF No. 74, and its Reply to Laburnum on

December 22, 2014. ECF No. 75. On January 5, 2015, this matter was referred to United States Magistrate Judge Douglas E. Miller, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b) to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motions for Summary Judgment. See ECF No. 76.

On January 9, 2015, the Guarantors, together with Southern, requested oral argument, ECF No. 77, and on January 23, 2015, the Magistrate Judge conducted a hearing. See ECF No. 79. As directed by the Magistrate Judge, on February 13, 2015, Southern filed a Memorandum Accompanying Declarations Regarding the Value of Personal Property, to which Southern attached several exhibits. ECF No. 80. On March 6, 2015, the Guarantors filed a Response and Declarations in Opposition, in which they argued that Southern failed to establish the sale value of the personal property at issue, and accordingly, that they are entitled to summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. ECF No. 81.[1] Thereafter, Southern filed another Response, ECF No. 82, to which the Guarantors filed a Reply. ECF No. 83.

---

[1] At no time have the Guarantors or Laburnum filed a motion for summary judgment. Federal Rule of Civil Procedure 56(f) provides for "Judgment Independent of the Motion." Fed. R. Civ. P. 56(f).

The Magistrate Judge filed the Report and Recommendation ("R&R") on April 9, 2015. ECF No. 85. The Magistrate Judge recommended denying Southern's Motions for Summary Judgment, and directing an evidentiary hearing for fact finding. Id. at 1-2.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 27-28. Southern filed its Objections on April 23, 2015, ("Southern's Objections"), ECF No. 86, and on that same date, the Guarantors filed their Objections (the "Guarantors' Objections"). ECF No. 87.[2] The Guarantors then responded to Southern's Objections on May 7, 2015, ECF No. 88 (the "Guarantors' Response"), and Southern responded to the Guarantors' Objections on May 8, 2015, ECF No. 89 ("Southern's Response).[3]

At a threshold level, in making its determination on the Motions for Summary Judgment, the court **ADOPTS** the recommended findings of undisputed material fact set forth in the R&R.[4]

---

[2] Defendant Laburnum made no submission in response to the R&R.

[3] Although the deadline to respond was May 7, 2015, and Southern did not electronically file its Response until 12:30 A.M. on May 8, 2015, the court will nevertheless consider the submission.

[4] See R&R at 2-9. The court adopts only those portions to which neither party objected.

Case 2:13-cv-00216-RBS-DEM  Document 90  Filed 05/26/15  Page 4 of 15 PageID# 2979

## II. Standards of Review

### A. Magistrate Judge Report and Recommendations

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at

4

trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In essence, the nonmovant must present "evidence on which the [trier of fact] could reasonably find" for the nonmoving party. Anderson, 477 U.S. at 252.

To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings, and rely instead on affidavits, depositions, or other evidence to show a genuine issue for trial. See Celotex, 477 U.S. at 324; see also M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993) ("A motion for summary judgment may not be defeated by evidence that is 'merely colorable' or 'is not sufficiently probative.'") (quoting Anderson, 477 U.S. at 249-50). Conclusory statements, without specific evidentiary support, do not suffice, Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998), nor does "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position." Anderson, 477 U.S. at 252. Rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Id.

### III. Southern's Objections

Southern makes three objections to the R&R. The court considers each in turn.

## A. Southern's First Objection is OVERRULED

First, Southern contends that the Magistrate Judge erred in declining to award partial summary judgment as to all undisputed facts and legal conclusions. Southern's Objections at 3. Specifically, Southern seeks entry of partial summary judgment as to the facts in Section I and the law to the extent that "'if a deficiency remains on the Note, Defendants are liable for such deficiency.'" Id. (quoting R&R at 12). In the Guarantors' Response, they argue that the Magistrate Judge committed no error in identifying certain matters as undisputed while also declining to award partial summary judgment. Guarantors' Resp. at 2-3.

As the Court of Appeals for the Fourth Circuit has long recognized, "[i]f it appears on the motion for summary judgment that there is no triable issue with respect to a portion of the claim while there are triable issues with respect to the remainder, the Court, in its discretion, may enter a partial summary judgment." Gadsden v. Fripp, 330 F.2d 545, 547 (4th Cir. 1964) (emphasis added). At this juncture, the court is not prepared to grant partial summary judgment. See Andrew v. Clark, 561 F.3d 261, 271 (4th Cir. 2009) ("'Even where summary judgment is appropriate on the record so far made in a case, a court may properly decline, for a variety of reasons, to grant it.'") (quoting Forest Hills Early Learning Ctr., Inc. v. Lukhard, 728

F.2d 230, 245 (4th Cir. 1984)). Moreover, the court has already adopted the facts that are not in dispute.[5] Accordingly, Southern's first objection is **OVERRULED**.

### B. Southern's Second Objection is OVERRULED

Second, Southern claims that the Magistrate Judge should have clarified that the Guarantors' "share of the indebtedness" includes interest, attorney's fees, and the costs of collection, in addition to the principal amount of the guarantee. Southern's Objections at 4. In Response, the Guarantors assert that it does not contest that Southern is entitled to "the interest, attorney's fees and costs of collection incurred in relation to each Guarantor's Indebtedness, as defined in the respective guaranty." Guarantors' Resp. at 2. However, the Guarantors do object if "Southern is contending that the Guarantors are required to pay, jointly and severally, all interest, attorney's fees and costs of collection incurred in this litigation." Id.

The Magistrate Judge committed no error as to the definition of the "share of the indebtedness." The R&R notes that the guaranties define "share of indebtedness" to include "'all accrued unpaid interest on the indebtedness and collection costs, expenses, and attorney's fees whether or not there is a lawsuit . . . .'" R&R at 5 (quoting Commercial Guaranty at 1, ECF No. 71-7). Further, the R&R clearly acknowledges that

---

[5] See supra note 4 and accompanying text.

"Southern seeks $6,053,079.91, plus interest, from Laburnum for its outstanding principal on the loan, past interest, late charges, and attorney's fees, among other fees." R&R at 13. Moreover, as Southern noted in both Motions for Summary Judgment, "[t]he right to submit a fee application is expressly preserved pursuant to Federal Rule 54(d)(2) and Local Rule 26(d)(1)." Mots. At 1. Accordingly, Southern's second objection is **OVERRULED**.

### C. Southern's Third Objection is OVERRULED

Third, Southern argues that there are sufficient facts in the record to justify granting their Motions for Summary Judgment. Id. at 6. Specifically, Southern objects to the Magistrate Judge's conclusion that there is a genuine issue of material fact as to whether any collateral not covered by the deed of trust was disposed of by the trustee's sale. Id.; see R&R at 12.

Southern states that the Depreciation Schedule, see ECF No. 73-5, which was produced by Laburnum in response to Southern's request for production of documents, is a complete list of the personal property turned over to Southern. Southern's Objections at 8. Southern further asserts that all of the personal property sold at the foreclosure sale, as identified on the Depreciation Schedule, "can be classified as equipment or fixtures and therefore all of the property sold was

covered by the collateral description in the Deed of Trust." Id. at 2. Finally, Southern argues that "because all of the property was covered by the Deed of Trust, it was disposed of pursuant to the Virginia foreclosure statute and not under the UCC," and accordingly, the court should enter summary judgment in Southern's favor. Id. at 8.

The Guarantors, however, seem to argue that Southern is not entitled to summary judgment because the Depreciation Schedule cited by Southern is not a full and complete list of the personal property disposed of by the trustee at the foreclosure sale. See Guarantors' Resp. at 5. Specifically, the Guarantors assert that "Laburnum had intangible personal property in the form of contract rights, customer lists and other proprietary information which generated a significant portion of its annual revenues," and cite the declaration of Mr. Tejal Desai, who is a manager of LTD Fund One, LLC, which is the manager of Laburnum. Id. at 6; see Desai Decl. at 2, ECF No. 81-1.

The dueling evidence provided by Southern and the Guarantors presents a clear example of a genuine issue of material fact as to precisely what personal property was disposed of at the foreclosure sale. The Magistrate Judge correctly concluded that "the parties have not established what collateral was disposed of by the trustee." R&R at 16 (emphasis in original). Until the question of precisely what collateral

was disposed of by the trustee is answered, summary judgment is inappropriate at this juncture. Therefore, Southern's third objection is **OVERRULED**.

### IV. Guarantors' Objections

The Guarantors make five objections to the R&R. The court considers each in turn.

### A. The Guarantors' First Objection is OVERRULED

First, the Guarantors argue that the Magistrate Judge "erred in determining that the foreclosure trustee conveyed both the real and the personal property encumbered by the Deed of Trust at the foreclosure sale." Guarantors' Objections at 6. The Guarantors contend that the foreclosure sale documents provide notice of the sale of only real property — not the personal property collateral referenced in the deed of trust, nor any other personal property. Id. at 8. This objection repeats the substance of the Guarantors' Response in Opposition to the Motion for Summary Judgment. See Guarantors' Resp. Opp'n at 16-17.

In its Response, Southern argues that it has provided evidence in the form of a declaration that "all real and personal property was disposed of at the foreclosure sale." Southern's Resp. at 1. Southern further states that "a lack of a recital in the transfer documents regarding the personal

10

property is not evidence that the personal property was not transferred." Id. at 1-2.

The Magistrate Judge correctly concluded that "[t]he trustee's notice provided that he would 'offer for sale at public auction . . . the property described in [the] Deed of Trust.'" R&R at 7 (quoting Substitute Trustee's Sale at 3, ECF No. 72-2). As the Magistrate Judge correctly noted, "[t]he deed of trust defined 'Property' as 'collectively the Real Property and the Personal Property.'" R&R at 7 (quoting Deed of Trust at 14, ECF No. 73-3). The Magistrate Judge made no error in using the definition of "property" in the deed of trust to inform the meaning of "property" in the trustee's notice.[6] Accordingly, the Guarantors' first objection is **OVERRULED**.

## B. The Guarantors' Second Objection is OVERRULED

Second, the Guarantors claim that the Magistrate Judge erred in concluding that there is a "factual dispute regarding

---

[6] The cases cited by the Guarantors do not support their arguments. For example, the Guarantors cite Virginia Housing Development Authority v. Fox Run Limited Partnership, 255 Va. 356, 367, 497 S.E.2d 747 (1998), for the proposition that "the question of what was actually conveyed is determined by the foreclosure documents." See Guarantors' Objections at 8. However, Fox Run actually found that an advertisement that "refers to the deed of trust for a description of the property to be sold and [that] expressly states that the personal property will be conveyed by bill of sale," constitutes "adequate notice . . . that the personal property . . . would be sold as part of the foreclosure." 255 Va. at 367, 497 S.E.2d at 754. "[T]he question of what was actually conveyed" was not the issue in Fox Run, as it is here.

whether 'any collateral not covered by the deed of trust [was] disposed of by the trustee's sale.'" Guarantors' Objections at 9 (quoting R&R at 12). The Guarantors refer back to their first objection, in arguing that "because the contemporaneous foreclosure documents refer only to the real property, the trustee (as opposed to Southern) did not sell the personal property through the foreclosure process." Guarantors' Objections at 10. The Guarantors' previously stated this same position in their Response in Opposition to the Motion for Summary Judgment. See Guarantors' Resp. Opp'n at 8-9.

In response, Southern asserts that the Guarantors "read the Deed to Trust to be very limited." Southern's Resp. at 2. The court agrees. As the Magistrate Judge correctly stated, "the deed of trust, by its terms, covered both real and personal property." R&R at 19.[7] It is eminently clear to the court that there is a factual dispute regarding precisely what collateral was disposed of by the trustee's sale.

For the reasons stated here and in supra, Part III.C, the Magistrate Judge made no error in concluding that there is a genuine issue of material fact as to precisely what personal property was disposed of at the foreclosure sale. Accordingly, the Guarantors' second objection is **OVERRULED**.

---

[7] See supra Part IV.A.

12

## C. The Guarantors' Third Objection is OVERRULED

Third, the Guarantors assert that the Magistrate Judge "erred in concluding that there are factual disputes regarding (i) whether the disposition of any collateral not covered by the Deed of Trust was done in a commercially reasonable manner; and (ii) whether Southern complied with the requirements of Part 6 of Article 9A." Guarantors' Objections at 12.

The determination of "what standard and remedies governed the trustee's disposition of collateral," R&R at 25, turns on what personal property was disposed of at the foreclosure sale. The court has already stated that the Magistrate Judge committed no error in concluding that a genuine issue of material fact exists as to what precise personal property was disposed of at the foreclosure sale.[8] Therefore, the Magistrate Judge committed no error in reserving judgment on the trustee's disposition of collateral. Accordingly, the Guarantors' third objection is **OVERRULED**.

## D. The Guarantors' Fourth Objection is OVERRULED

Fourth, the Guarantors argue that the Magistrate Judge erred in concluding that the issue of "'what proceeds would have been realized had the trustee dispose [sic] of the collateral in a commercially reasonable manner'" remains undecided. Guarantors' Objections at 14 (quoting R&R at 12). The Guarantors

---

[8] See supra Part III.C; supra Part IV.B.

contend that the Magistrate Judge committed error "in limiting the issue to 'what amount of proceeds would have been realized had the trustee disposed of the collateral in a commercially reasonable manner.'" Guarantors' Objections at 15 (quoting R&R at 12). The Guarantors assert that "the proper characterization of the issue is what amount would have been realized if Southern had complied with all of the requirements of part 6 of Article 9A — a broader inquiry than just the commercial reasonable of the sale." Id.

For the same reasons stated in supra, Part IV.D, the Magistrate Judge committed no error. Until precisely what collateral was disposed of at the foreclosure sale is determined, the court will make no determination related thereto. Therefore, the Guarantors' fourth objection is **OVERRULED**.

**E. The Guarantors' Fifth Objection is OVERRULED**

Fifth, the Guarantors claim that the Magistrate Judge erred in not awarding summary judgment to the Guarantors at this juncture. Guarantors' Objections at 16.[9] The Guarantors contend that "[i]t is undisputed that Southern disposed of all of its collateral, which includes that personal property described in the Deed of Trust and that personal property described in the Security Agreement." Id.

---

[9] See supra note 1.

14

The court has already determined that the Magistrate Judge committed no error in concluding that a genuine issue of material fact remains as to whether any collateral not covered by the deed of trust was disposed of by the trustee's sale. Accordingly, summary judgment <u>for</u> <u>either</u> <u>party</u> remains inappropriate at this juncture.[10] Therefore, the Guarantors' fifth objection is **OVERRULED**.

## V. Conclusion

This court, having examined the Objections to the Magistrate Judge's R&R, and having made <u>de</u> <u>novo</u> findings with respect thereto, overrules both Southern's Objections and the Guarantors' Objections, and does hereby adopt and approve in full the findings and recommendations set forth in the R&R of the United States Magistrate Judge filed on April 9, 2015. Accordingly, the court **DENIES** the Motions for Summary Judgment, and **DIRECTS** an evidentiary hearing on the genuine issues of material fact as identified in the R&R. Counsel shall contact the Calendar Clerk to set the hearing. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/

Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

May 22, 2015

---

[10] See <u>supra</u> Part III.C.